UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

Constance Denson
14148 Cedar Road, # 202
Cleveland Heights, Ohio 44118

CASE NO.

On behalf of herself and all others
similarly situated,

JUDGE

      Plaintiff,

**PLAINTIFF'**
**COLLECTIVE ACTION COMPLAINT**

      v.

Nova Home Health Services. LLC
5 Severance Circle, suite 702
Cleveland Heights, Ohio 44118

(Jury Demand Endorse Herein)

And

Hussein Abdirahman
5 Severance Circle, suite 702
Cleveland Heights, Ohio 44118

      Defendants.

Now comes Plaintiff Constance Denson ("Plaintiff"), by and through counsel, on behalf of herself and all others similarly situated, and for their Complaint against Defendants Nova Home Health Services, LLC ("Nova") and Hussein Abdirahman (collectively "Defendants"), state and allege the following:

INTRODUCTION

1.	Plaintiff brings this "collective action" lawsuit as a result of Defendants' violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. §§ 4111.01-99 by virtue of Defendants' practice, policy and procedure of failing to pay non-exempt employees overtime compensation for hours worked in excess of forty (40) per workweek and/or minimum wages and wages for hours traveling between work sites during the workday.

2.	Plaintiff also asserts breach of contract and unjust enrichment claims under Ohio common law to remedy Defendants' nonpayment of wages for hours worked. Plaintiff brings Ohio statutory claims under Ohio's Prompt Pay Act, O.R.C. § 4113.15, to remedy Defendants' deliberate failure to pay all wages due on scheduled paydays.

**JURISDICATION AND VENUE**

3.	 This Court has jurisdiction over Plaintiff' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4.	This Court has supplemental jurisdiction over Plaintiff' Ohio law claims under 28 U.S.C. § 1367 because these claims are so related to the FLSA claims as to form part of the same case or controversy.

5.	Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because some or all of the Defendants reside within this Court's jurisdiction, and because all, or a substantial part of, the events or omissions giving rise to Plaintiff's claims occurred within this Court's jurisdiction.

**PARTIES**

6.	At all times relevant herein, Plaintiff was a citizen of the United States and residents of Cuyahoga County, Ohio.

7. At all times relevant herein, Plaintiff and those similarly situated were, and in some cases are, employees within the meaning of 29 U.S.C. § 203(e), O.R.C. §§ 4111.01, et seq., and Art. II, Sec. 34a, Ohio Constitution.

8. At all times relevant herein, Defendant Nova Home Health Services, LLC maintained its principal place of business in Cuyahoga County, Ohio.

9. At all times relevant herein, Defendants were and are employers within the meaning of 29 U.S.C. § 203(d), O.R.C. §§ 4111.01, et seq., and Art. II, Sec. 34a, Ohio Constitution.

10. Upon information and belief, at all times relevant herein, Defendant Hussein Abdirahman was a resident of Ohio.

11. Hussein Abdirahman was the owner and/or executive of Nova Home Health Services, LLC.

12. At all times relevant herein, Defendants were and are an enterprise within the meaning of 29 U.S.C. § 203(r).

13. At all times relevant herein, Defendants were and are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

14. At all times relevant herein, Plaintiff and those similarly situated were, and in some cases are, employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206-207.

**FACTUAL ALLEGATIONS**

15. Defendants provide home health care services to clients throughout northeast Ohio.

16. Based upon information and belief Defendants currently employ over fifty (50) employees.

17. Plaintiff Denson worked for Defendants from approximately November of 2020 through the present date as a Home health Aide. She was not paid on a salary basis throughout her employment as that term is defined in the FLSA, 29 CFR § 541.118.

21. Defendants failed to pay Plaintiff and similarly-situated employees overtime pay for hours worked over forty (40) in a single workweek when they worked on separate jobs and/or jobsites, or simply refused to pay overtime, and issued employees a check with for "straight time" hours for all hours worked over forty (40) in a workweek, in violation of the FLSA, 29 U.S.C. §§ 203(r), 207.

22. Defendants refused to pay overtime at a rate of one- and one-half times the usual hourly rate for any work hours in excess of forty (40) per workweek for travel time, in violation of the FLSA, 29 U.S.C. § 207. At times, Defendants did not pay any wages spent for compensable time traveling between worksites during a workday, in violation of the FLSA, 29 U.S.C. §§ 206, 207, and Ohio law.

23. Defendants do not pay any wages for loading and unloading supplies and transporting them between jobsites, tasks which are necessary for employees to perform their primary duties. Defendants only permit employees to "clock in" from their cell phones only once they enter into the building for work.

24. Defendants do not pay for or record all compensable hours worked. Employees often find they are missing hours on their paychecks, resulting in loss of overtime pay and/or minimum wages in violation of the FLSA, 29 U.S.C. §§ 206, 207; and Ohio law.

25. Defendants do not pay for all compensable time worked, including time spent communicating with managerial employees about job duties while off the clock in violation of the FLSA, 29 U.S.C. §§ 206-207, and Ohio law.

26. Defendants have employed and continue to employ employees similarly situated to the Plaintiff over the last three (3) years.

## **COLLECTIVE ACTION ALLEGATIONS**

27 Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

28. Plaintiff brings Count One of this action on her own behalf and on behalf of all other persons similarly situated who have been, are being, and/or will be adversely affected by Defendants' unlawful conduct, pursuant to 29 U.S.C. § 216(b).

29. The class that Plaintiff seeks to represent, and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is comprised of and defined as:

> All former and current employees of Nova Home Health Care Services, LLC at any time during the three years immediately preceding the date of this Court's issuance of Court-supervised notice.

30. Plaintiff is unable to state at this time the exact size of the potential class but, upon information and belief, aver that it consists of at least fifty (50) persons.

31. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

32. In addition to Plaintiff, numerous current and former employees are similarly situated to Plaintiff with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests, as well as their own, in bringing this action.

33. These similarly situated employees (hereinafter the "FLSA Collective"), who are known to Defendants and are easily identifiable through Defendants' payroll records,

may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

## **COUNT ONE**
### **(FLSA Overtime Violations)**

34. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

35. The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

36. Plaintiff and similarly situated employees should have been paid overtime wages in the amount of 150% of their normal hourly rate for all hours worked in excess of forty (40) hours per workweek.

37. Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of the FLSA, including refusing and/or failing to calculate and pay Plaintiff' overtime wages as required by federal law.

38. The above-described willful and systematic violations of the FLSA complained of by Plaintiff have similarly affected all other opt-in members of the collective action so that the claims of such members are common to and typical of each other.

39. Defendants' unlawful conduct directly and proximately caused Plaintiff, and all others similarly situated, to suffer damages for which they are entitled to judgment.

40. Defendants' violations have been willful and/or in reckless disregard of Plaintiff' and similarly situated employees' rights and entitle Plaintiff and similarly situated employees to liquidated and/or punitive damages.

## COUNT TWO
## (FLSA Minimum Wage Violations)

41. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

42. The FLSA requires that "non-exempt" employees receive a minimum hourly wage for all work their employers suffer, permit or require them to perform. 29 U.S.C. § 206.

43. Based on improper deductions alleged herein, Defendants failed to comply with the requirements of 29 U.S.C. § 206, by paying employees less than the applicable minimum wage rate.

44. Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of the FLSA, including refusing and/or failing to calculate and pay Plaintiff' minimum wages as required by federal law.

45. The above-described willful and systematic violations of the FLSA complained of by Plaintiff has similarly affected all other opt-in members of the collective action so that the claims of such members are common to and typical of each other.

46. Defendants' unlawful conduct directly and proximately caused Plaintiff, and all others similarly situated, to suffer damages for which they are entitled to judgment.

47. Defendants' violations have been willful and/or in reckless disregard of Plaintiff's, and similarly situated employees' rights, and entitle Plaintiff and similarly situated employees to liquidated and/or punitive damages.

## COUNT THREE
## (OMFWA Overtime Violations)

48. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

49. The OMFWA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. O.R.C. §§ 4111.01-4111.99.

50. Plaintiff and similarly situated employees should have been paid overtime wages in the amount of 150% of their normal hourly rate for all hours worked in excess of forty (40) hours per workweek.

51. Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of the OMFWA, including refusing and/or failing to calculate and pay Plaintiff' overtime wages as required by Ohio law.

52. The above-described willful and systematic violation of the OMFWA complained of by Plaintiff have similarly affected all other opt-in members of the collective action so that the claims of such members are common to and typical of each other.

53. Defendants' unlawful conduct directly and proximately caused Plaintiff, and all others similarly situated, to suffer damages for which they are entitled to judgment.

54. Defendants' violations have been willful and/or in reckless disregard of Plaintiff' and similarly situated employees' rights and entitle Plaintiff and similarly situated employees to liquidated and/or punitive damages.

## COUNT FOUR
**(OMFWA Minimum Wage Violations)**

55. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

56. The OMFWA requires that employees receive a minimum hourly wage for all work their employers suffer, permit or require them to perform. O.R.C. chapter 4111; Art. II, Sec. 34a of the Ohio Constitution.

57. Based on improper deductions alleged herein, Defendants failed to calculate, and Defendants failed to comply with the requirements of Ohio law, by paying employees less than the applicable minimum wage rate. O.R.C. Chapter 4111; Art. II, Sec. 34a, Ohio Constitution.

58. Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of the OMFWA, including refusing and/or failing to calculate and pay Plaintiff' minimum wages as required by federal law.

59. The above-described willful and systematic violations of the OMFWA complained of by Plaintiff has similarly affected all other opt-in members of the collective action so that the claims of such members are common to and typical of each other.

60. Defendants' unlawful conduct directly and proximately caused Plaintiff, and all others similarly situated, to suffer damages for which they are entitled to judgment.

61. Defendants' violations have been willful and/or in reckless disregard of Plaintiff's and similarly situated employees' rights and entitle Plaintiff and similarly situated employees to liquidated and/or punitive damages.

## COUNT FIVE
### (Ohio Breach of Contract Claim)

62. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

63. Plaintiff brings this claim for breach of contract on behalf of herself and on behalf of others "similarly situated" who are part of the FLSA Collective.

64. At all times relevant, terms of compensation established by Defendants provided that employees would be paid at a specified hourly wage for all hours worked. Plaintiff and other members of the FLSA Collective performed work for Defendants under, and in return

for, those terms of compensation, including the understanding that they would be paid for all hours worked at the specified rate.

65. Defendants breached the terms of compensation by failing to pay Plaintiff and other members of the FLSA Collective at the specified hourly wage for all hours worked.

66. As a direct result of Defendants' breach of contract, Defendants breached the terms of Plaintiff's contract, and Plaintiff has suffered damages.

## COUNT SIX
### (Ohio Unjust Enrichment Claim)

67. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

68. Plaintiff and the FLSA Collective conferred a benefit on Defendants by providing hours of work, including, but not limited to, traveling between job sites, loading and unloading supplies, and engaging in mandatory communications with Defendants' managerial employees off the clock.

69. Defendants knowingly accepted the benefits of Plaintiff's' and the FLSA Collective's labor.

70. Under the circumstances, it would be unjust to permit Defendants to retain the benefits of this work without payment.

71. As a direct and proximate result of Defendants' conduct, Plaintiff's and the FLSA Collective have suffered damages as measured by the value of its services and/or the benefit conferred upon Defendants and is entitled to judgment in an amount to be determined at trial.

# COUNT SEVEN
## (Ohio Prompt Pay Act Violations)

72. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

73. Plaintiff brings this claim for violation of the Ohio Prompt Pay Act on behalf of themselves and others "similarly situated" who are part of the FLSA Collective, conditionally certified pursuant to 29 U.S.C. § 216(b).

74. O.R.C. § 4113.15 requires Defendants to pay their employees all wages due within the time specified under Ohio law.

75. Defendants knowingly and improperly failed to pay their employees all wages due within the time specified under Ohio law.

76. Defendants knowingly and improperly failed to pay Plaintiff and similarly situated employees all wages due during each pay period in which they worked.

77. Defendants failure to pay Plaintiff and similarly situated employees all wages due constitutes a violation of O.R.C. § 4113.15.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all those employees similarly situated collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice to all class members, pursuant to 29 U.S.C. § 216(b), that this litigation is pending and that they have the right to "opt in" to the litigation;

C. Award Plaintiff and the opt-in class she represents actual damages for unpaid wages, liquidated damages, compensatory damages, and equitable relief in an amount in excess of $25,000.00;

D. Award Plaintiff and the opt-in class they represent pre- and post-judgment interest at the statutory rate;

E. Award Plaintiff and the opt-in class they represent attorneys' fees, costs, and disbursements; and

F. Award Plaintiff and the opt-in class they represent further and additional relief as this Court deems just and proper.

Respectfully submitted,

*/s/ John F. Burke, III* _____

JOHN F. BURKE, III (0059974)
*john@BurkesLaw.net*
Burkes Law, LLC
55 Public Square, Suite 2100
Cleveland, Ohio 44113
Phone 216-455-5980; Fax 888-588-5663
Attorneys for Plaintiff and the FLSA Collective

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ John F. Burke, III
John F. Burke, III (0059974)